## THE LINDRUP.

### INMAN v. THE LINDRUP.

(District Court, D. Minnesota, Fifth Division. August 14, 1894.)

JURISDICTION OF FEDERAL COURTS—WATERS OF LAKE SUPERIOR—SEIZURE OF VESSEL.

The marshal of the district court for the district of Minnesota has authority, under proper process, to arrest a vessel on the open waters of

Lake Superior; for by section 1 of the act of February 26, 1857, that lake is made the common boundary between Minnesota and the states of Wisconsin and Michigan, and by section 2 the former state is given concurrent jurisdiction over all waters which form a common boundary between itself and any other state or states.

This was a libel by B. B. Inman against the steam tug Lindrup. The claimants of the tug moved to quash the proceedings for want of jurisdiction.

White & McKeon, for libelant.

John Jenswold, for respondent.

WILLIAMS, District Judge. As appears from the pleadings and affidavits and the return of the marshal, the steam tug Lindrup was seized by the marshal of this district by virtue of a warrant of arrest or monition duly issued and placed in his hands, commanding him to seize or arrest the steam tug Lindrup, her boilers, engines, machinery, etc., if found in his district; and the return of the marshal upon the warrant of arrest states that he did seize and arrest that boat in the open waters of Lake Superior. The owners of the steam tug filed their motion to have the proceedings herein quashed and set aside for want of jurisdiction in this court, alleging that the seizure and arrest were made outside of the court's jurisdiction.

The question to be determined then is, what is the extent of the jurisdiction of the United States district court for the district of Minnesota, in admiralty?

The act of congress passed February 26, 1857, described the boundaries of the state of Minnesota as follows:

"Beginning at the point in the centre of the main channel of the Red River of the North, where the boundary line between the United States and the British possessions crosses the same; thence up the main channel of said river to that of Bois des Sioux river; thence up the main channel of said river to Lake Traverse; thence up the centre of said lake to the southern extremity thereof; thence in a direct line to the head of Big Stone lake; thence through its centre to its outlet; thence by a due south line to the north line of the state of Iowa; thence along the northern boundary of said state to the main channel of the Mississippi river; thence up the main channel of said river, and following the boundary line of the state of Wisconsin until the same intersects the Saint Louis river; thence down the said river to and through Lake Superior on the boundary line of Wisconsin and Michigan, until it intersects the dividing line between the United States and the British possessions; thence up Pigeon river, and following said dividing line to the place of beginning."

Section 2 of the act of congress above cited contains the provision—

"That the state of Minnesota shall have concurrent jurisdiction on the Mississippi, and all other rivers and waters bordering on the said state of Minnesota, so far as the same shall form a common boundary to said state, and any state or states now or hereafter to be formed, or bounded by the same."

There is no question but that the jurisdiction of this court is coextensive with the boundaries of the state of Minnesota, and, by the language of the second section of the act of congress above

cited, it is clear that such jurisdiction extends over all the rivers and waters bordering on the state of Minnesota, so far as the same shall form a common boundary to that state, and any state or states now or hereafter to be formed or bounded by the same. The waters of Lake Superior form a common boundary between the state of Minnesota and the states of Michigan and Wisconsin. So the contention of counsel for respondent, it seems to me, must fall to the ground, because the very language of section 2 of the act of congress fixes the jurisdiction of the state of Minnesota; and it is unnecessary to cite authorities that the jurisdiction of the United States court for the district of Minnesota, in admiralty, is coextensive with the boundaries of that state. To hold otherwise would leave a large portion of the open waters of Lake Superior outside of the admiralty district of any court, because there is nothing in the act defining the boundaries of the states of Michigan or Wisconsin bordering upon Lake Superior that would give the United States courts in those districts any exclusive jurisdiction over the waters of Lake Superior.

It follows that the motion of respondent must be overruled, with costs.